UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKF, INC. D/B/A FUNDKITE,<br><br>        Plaintiff,<br><br>  -against-<br><br>CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC, AND ROBERT ALAN COLOMBO, SR.,<br><br>        Defendants. | **Civil Action No. 1:19-cv-06994-FB-JO**<br><br>**DECLARATION OF WING K. CHIU IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |

**I, Wing Keung Chiu,** pursuant to 28 U.S.C. § 1746, declare as follows:

  1.  I am a member of the Mestechkin Law Group, P.C., attorneys for AKF, Inc. d/b/a Fundkite ("Fundkite") in the above-captioned proceeding.

  2.  I submit this declaration in support of Plaintiff's motion for a default judgment under Federal Rule of Civil Procedure 55(b)(1) and Local Civil Rule 55.2(a) against Creative Fiberglass, LLC, A Showroom Shine Detailing Shop LLC, and Robert Alan Colombo, Sr. on the First and Second Causes of Action of the Complaint for breach of a Revenue Purchase Agreement ("RPA") and breach of guaranty under that RPA, respectively. A copy of a proposed Default Judgment is attached hereto as Exhibit A; a copy of the Complaint is attached as Exhibit B; a copy of the RPA is attached as Exhibit C.

  3.  In the interest of obtaining an expeditious judgment from the Clerk, and for purposes of this motion only, Plaintiff hereby waives (a) its Third Cause of Action for Unjust Enrichment; (b) its Fourth Cause of Action for Money Had and Received, and, (c) its claim for attorneys' fees.

  4.  Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is a two-step process for the entry of judgment against a party who fails to defend, first, the entry of a default,

1

and second, the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

5. On a motion for entry of a default judgment, the allegations of the complaint are deemed admitted where the defendant fails to answer. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2nd Cir. 1992).

6. However, a "default ... only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co., Ltd. v. Koutsobinas*, 509 Fed. Appx. 54, 56 (2nd Cir. 2013).

I. **Defendants Have Defaulted in this Proceeding.**

7. Plaintiff commenced this proceeding by the filing of a Complaint and Summonses on the above-named Defendants on December 13, 2019. (ECF Nos. 1 & 8.)

8. A corrected complaint and summonses were filed against the above-named Defendants on January 2, 2020. (ECF Nos. 12, 13.)

9. Plaintiff served defendants Creative Fiberglass, LLC, A Showroom Shine Detailing Shop LLC and Robert Alan Colombo, Sr. on January 20, 2020. (*See* Proofs of Service (ECF Nos. 14-16).)

10. The time for Defendants to answer or otherwise move with respect to the complaint herein has expired.

11. Defendants have not answered or otherwise moved with respect to the Complaint, and the time for each of these defendants to answer or otherwise move has not been extended.

12. The default of each of the named Defendants has been noted by the Clerk of Court. (ECF Nos. 14-16.) Copies of the Certificates are attached hereto as Exhibit D.

II. **Personal Jurisdiction Exists Over Defendants Because They Agreed to a Venue Clause Setting Any Actions in New York.**

13. This Court has personal jurisdiction over each of the Defendants because they

2

each agreed in Section 4.5 of the RPA that "Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall if FUNDER so elects, be instituted in any court sitting in New York State". (*See* RPA at Section 4.5.)

### III.   Plaintiff Has Established its Claims for Breach of Contract.

14.   To prevail on a claim for breach of contract under New York law, a plaintiff must establish "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted).

15.   On or about August 28, 2019, Plaintiff and Creative Fiberglass, LLC entered into a Revenue Purchase Agreement ("RPA") in which Plaintiff agreed to purchase $216,000.00 of the Merchant's future receivables for a payment of $150,000.00, representing the agreed-upon present-day value of those future receivables. (*See* 03/17/2020 Alexander Fainberg Declaration ¶ 5; Compl. ¶ 9 & RPA.)

16.   Under the RPA, Creative Fiberglass, LLC agreed to allow Plaintiff to make daily ACH withdrawals of the its receivables from a dedicated bank account (the "Account") until the purchased receivables amount was fully paid to Plaintiff. (*See* Fainberg Decl. ¶ 6; Compl. ¶ 10; RPA at p. 5 & § 3.1.)

17.   Pursuant to the RPA, Creative Fiberglass, LLC agreed that it would not block Plaintiff's access to such daily withdrawals from the its Account, and that any such block would constitute a default under the RPA. (*See* Fainberg Decl. ¶ 7; Compl. ¶ 11; RPA at p. 5 & § 3.1.)

18.   Pursuant to the RPA, Creative Fiberglass, LLC also agreed that it would not enter into subsequent agreements to sell its receivables, and that doing so would constitute a default under the RPA. (*See* Fainberg Decl. ¶ 8; Compl. ¶ 12; RPA §§ 2.10 & 3.1.)

19.   Defendants A Showroom Shine Detailing Shop LLC and Robert Alan Colombo,

Sr. agreed to guarantee Creative Fiberglass, LLC's performance under the RPA. (*See* Fainberg Decl. ¶ 9; Compl. ¶ 14; RPA at pp. 13-16.)

20. As set forth in the declaration of Alexander Fainberg, on or about December 12, 2019, Defendant Creative Fiberglass, LLC breached the RPA by (a) blocking Plaintiff's access to Creative Fiberglass, LLC's Account from which Plaintiff was making withdrawals under the RPA, and (b) entering into subsequent agreements to sell its revenues with other funders. (Fainberg Decl. ¶ 10; Compl. ¶¶ 16-18.)

21. Because Defendants A Showroom Shine Detailing Shop LLC and Robert Alan Colombo guaranteed Creative Fiberglass, LLC's performance under the RPA, those defendants are liable for the debts of Creative Fiberglass, LLC under the RPA. Further, because those Defendants failed to make payments that are owed by Creative Fiberglass, LLC, those Defendants have defaulted under the RPA. (Fainberg Decl. ¶ 11; Compl. ¶¶ 21-22.)

**IV. Plaintiff Has Established its Damages.**

22. At the time of the default, Defendant Creative Fiberglass, LLC paid only $119,630.77 of the $216,000.00 owed, leaving a balance of $96,369.23 due under the RPA. (Fainberg Decl. ¶ 12; Compl. ¶ 19.)

23. In the event of default, Fundkite became entitled under the RPA to demand the immediate collection of "the full uncollected Purchased Amount of Receipts plus all fees and charges (including legal fees) due under this Agreement". (Fainberg Decl. ¶ 13; Compl. ¶ 13; RPA § 3.2.)

24. In addition, because Creative Fiberglass, LLC defaulted under the RPA, Plaintiff became entitled to the sum of $64,800.00, which represents the Default Fee, calculated at 30% of the total amount of purchased receipts ($216,000.00). (Fainberg Decl. ¶ 14; Compl. ¶ 20; RPA at

Appendix A, Item F.)

25.     The total amount of the outstanding balance ($96,369.23) plus the default fee ($64,800.00) owed by Creative Fiberglass, LLC is $161,169.23. (Fainberg Decl. ¶ 15; Compl. ¶ 31.)

26.     The amount of interest that has accumulated on that principal amount of $161,169.23 through March 17, 2020 is $3,813.12. (Fainberg Decl. ¶ 16.)

27.     Wherefore, Plaintiff requests that a default judgment be entered in favor of Plaintiff AKF, Inc. d/b/a Fundkite against defendants Creative Fiberglass, LLC, A Showroom Shine Detailing Shop LLC, and Robert Alan Colombo, Sr. in the amount of $164,982.35, which is the sum of the outstanding balance ($96,369.23) due under the RPA, plus the default fee ($64,800.00), plus $3,813.12 for interest on that principal amount accrued through March 17, 2020. A copy of a proposed Judgment is attached as Exhibit A.

28.     I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief and that the amount claimed is justly due to plaintiff.

| Dated: Brooklyn, New York<br>March 17, 2020 | Respectfully submitted,<br><br>*/s/ Wing Keung Chiu*<br>Oleg A. Mestechkin, Esq. (OM4108)<br>Wing K. Chiu, Esq. (WC5637)<br>Nancy Lam, Esq. (NL4630)<br>**MESTECHKIN LAW GROUP P.C.**<br>1733 Sheepshead Bay Road, Suite 29<br>Brooklyn, NY 11235<br>Tel. (212) 256-1113<br>Fax. (646) 365-2069<br>om@lawmlg.com<br>wkc@lawmlg.com<br>nl@lawmlg.com<br><br>*Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite* |
|---|---|

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2020, I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

      */s/ Wing K. Chiu*
Wing K. Chiu, Esq. (WC5637)
Oleg A. Mestechkin (OM4108)
Nancy Lam (NL4630)
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, NY 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com
nl@lawmlg.com

*Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite*