UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

---

AKF, INC. D/B/A FUNDKITE,

                    Plaintiff,

    -against-

CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC, AND ROBERT ALAN COLOMBO, SR.,

                    Defendants.

**Civil Action No. 1:19-CV-06994-FB-JO**

**DECLARATION OF ALEXANDER FAINBERG IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

---

**I, ALEXANDER FAINBERG,** pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an Authorized Officer of Plaintiff AKF, Inc. d/b/a Fundkite in the above-captioned action and have personal knowledge of the facts set forth herein.

2. I submit this declaration in support of Plaintiff's motion for a default judgment.

3. Plaintiff has brought this action against the following Defendants: (i) Creative Fiberglass, LLC; (ii) A Showroom Shine Detailing Shop LLC; and (ii) Robert Alan Colombo, Sr. for breach of a Revenue Purchase Agreement ("RPA").[1] A true and correct copy of the Complaint is attached as Exhibit B. A true and correct copy of the asserted Revenue Purchase Agreement ("RPA") is attached as Exhibit C.

4. In the interest of obtaining an expeditious judgment from the Clerk, and for purposes of this motion only, Plaintiff hereby waives (a) its Third Cause of Action for Unjust Enrichment; (b) its Fourth Cause of Action for Money Had and Received, and, (c) its claim for attorneys' fees.

5. On or about August 28, 2019, Plaintiff and Creative Fiberglass, LLC entered into

---

[1] My understanding is that to prevail on a claim for breach of contract under New York law, a plaintiff must establish (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.

1

a Revenue Purchase Agreement ("RPA") in which Plaintiff agreed to purchase $216,000.00 of the Merchant's future receivables for a payment of $150,000.00, representing the agreed-upon present-day value of those future receivables. (*See* Compl. ¶ 9 & RPA.)

6. Under the RPA, Creative Fiberglass, LLC agreed to allow Plaintiff to make daily ACH withdrawals of its receivables from a dedicated bank account (the "Account") until the purchased receivables amount was fully paid. (*See* Compl. ¶ 10; RPA at p. 5 & § 3.1.)

7. Pursuant to the RPA, Creative Fiberglass, LLC agreed that it would not block Plaintiff's access to such daily withdrawals from the its Account, and that any such block would constitute a default under the RPA. (*See* Compl. ¶ 11; RPA at p. 5 & § 3.1.)

8. Pursuant to the RPA, Creative Fiberglass, LLC also agreed that it would not enter into subsequent agreements to sell its receivables, and that doing so would constitute a default under the RPA. (*See* Compl. ¶ 12; RPA §§ 2.10 & 3.1.)

9. Defendants A Showroom Shine Detailing Shop LLC and Robert Alan Colombo, Sr. agreed to guarantee Creative Fiberglass, LLC's performance under the RPA. (*See* Compl. ¶ 14; RPA at pp. 13-16.)

10. On or about December 12, 2019, Defendant Creative Fiberglass, LLC breached the RPA by (a) blocking Plaintiff's access to Creative Fiberglass, LLC's Account from which Plaintiff was making withdrawals under the RPA, and (b) entering into subsequent agreements to sell its revenues with other funders.

11. Because Defendants A Showroom Shine Detailing Shop LLC and Robert Alan Colombo guaranteed Creative Fiberglass, LLC's performance under the RPA, those guarantor defendants are liable for the debts of Creative Fiberglass, LLC under the RPA. Further, because those guarantor Defendants failed to make payments that are owed by Creative Fiberglass, LLC,

those guarantor Defendants have defaulted under the RPA.

12. At the time of the default, Defendant Creative Fiberglass, LLC paid only $119,630.77 of the $216,000.00 owed, leaving a balance of $96,369.23 due under the RPA. (*See* Compl. ¶ 19.)

13. In the event of default, Fundkite became entitled under the RPA to demand the immediate collection of "the full uncollected Purchased Amount of Receipts plus all fees and charges (including legal fees) due under this Agreement". (*See* Compl. ¶ 13; RPA § 3.2.)

14. In addition, because Creative Fiberglass, LLC defaulted under the RPA, Plaintiff became entitled to the sum of $64,800.00, which represents the Default Fee, calculated at 30% of the total amount of purchased receipts ($216,000.00). (*See* Compl. ¶ 20; RPA at Appendix A, Item F.)

15. The total amount of the outstanding balance ($96,369.23) plus the default fee ($64,800.00) owed by Creative Fiberglass, LLC is $161,169.23. (*See* Compl. ¶ 31.)

16. The amount of interest that has accumulated on that principal amount of $161,169.23 through March 17, 2020 is $3,813.12.

| Date of Breach | Principal Owed | Interest Rate | Daily Rate | Per Diem Interest | Interest Thru | # of Days | Total Interest |
|---|---|---|---|---|---|---|---|
| 12/19/2019 | $161,169.23 | 9.00% | 0.0002465 | $39.72 | 3/17/2020 | 96 | $3,813.12 |

17. Wherefore, Plaintiff is entitled to a Judgment against defendants Creative Fiberglass, LLC, A Showroom Shine Detailing Shop LLC, and Robert Alan Colombo, Sr. in the amount of $164,982.35, which is the sum of the outstanding balance ($96,369.23) due under the RPA, plus the default fee ($64,800.00), plus $3,813.12 for interest on that principal amount accrued through March 17 10, 2020.

18. I declare under penalty of perjury that the foregoing is true and accurate to the

best of my knowledge, information and belief and that the amount claimed is justly due to plaintiff.

Dated:  New York, New York
        March 17, 2020

*Alexander Fainberg*
**ALEXANDER FAINBERG**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 17, 2020, I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

      */s/ Wing K. Chiu*
Wing K. Chiu, Esq. (WC5637)
Oleg A. Mestechkin (OM4108)
Nancy Lam (NL4630)
**MESTECHKIN LAW GROUP P.C.**
1733 Sheepshead Bay Road, Suite 29
Brooklyn, NY 11235
Tel. (212) 256-1113
Fax. (646) 365-2069
om@lawmlg.com
wkc@lawmlg.com
nl@lawmlg.com

*Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite*