# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AKF, INC. D/B/A FUNDKITE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　-against-<br><br>CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC, AND ROBERT ALAN COLOMBO, SR.,<br><br>　　　　　　　　　　Defendants. | Civil Action No.: 1:19-cv-6994 |

## COMPLAINT

Plaintiff AKF, Inc. d/b/a Fundkite (hereinafter, "Plaintiff" or "Fundkite"), by and through its undersigned counsel, the Mestechkin Law Group, P.C., as and for its Complaint against Defendants Creative Fiberglass, LLC, A Showroom Shine Detailing Shop LLC, and Robert Alan Colombo, Sr. hereby alleges as follows:

### NATURE OF THIS PROCEEDING

1.　　This is an action by Plaintiff against (i) a merchant defendant for breaches of a revenue purchase agreement ("RPA") and (ii) two parties for breaches of their guarantee of that merchant's obligations under that RPA.

### THE PARTIES

2.　　Plaintiff Fundkite is a citizen of New York because it is incorporated in the State of New York and has its principal place of business at 88 Pine Street, 17th Floor, New York, New York, 10005.

3.　　Defendant Creative Fiberglass, LLC (hereinafter, "Merchant") is citizen of Georgia because it is incorporated in the State of Georgia and has its principal place of business at 1250 Atherton Park, Roswell, Georgia 30076.

1

4. Defendant A Showroom Shine Detailing Shop LLC ("Showroom") is citizen of Georgia because it is incorporated in the State of Georgia and has its principal place of business at 9930 Jones Bridge Road, Johns Creek, Georgia 30022.

5. Defendant Robert Alan Colombo, Sr. is citizen of Georgia because his domicile is 1250 Atherton Park, Roswell, Georgia 30076.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 because the matter in controversy is at least $ 96,369.23as of the date of this complaint, and thus exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States because Plaintiff is a citizen of New York and Defendants are citizens of Georgia.

7. This Court has personal jurisdiction over Defendants because they each voluntarily consented in the RPA under which Plaintiff brings this complaint to the jurisdiction of any courts situated in New York State.

8. Venue is proper in this Court pursuant to 28 U.S. Code § 1391 for the same reasons that jurisdiction is proper in this Court.

## FACTS RELEVANT TO ALL CLAIMS

I. The Asserted Revenue Purchase Agreement.

9. On or about August 28, 2019, Fundkite and the Merchant entered into a Revenue Purchase Agreement "RPA" whereby Fundkite agreed to purchase rights to $216,000.00 of the Merchant's future receivables for a payment of $150,000.00, representing the agreed-upon present-day value of those future receivables. (RPA at p. 4.)

10. Under the RPA, the Merchant agreed to make payments towards the future

2

receivables amount of $216,000.00 by allowing Fundkite to make daily ACH withdrawals of the Merchant's receivables from a dedicated Merchant bank account (the "Account") until the purchased receivables amount is fully paid to Fundkite. (RPA at p. 5 & § 3.1.)

11. Pursuant to the RPA, the Merchant agreed that it would not block Fundkite's access to such daily withdrawals from the Merchant's account, and that any such block by the Merchant would constitute a default under the RPA. (RPA at p. 5 & § 3.1.)

12. Pursuant to the RPA, the Merchant also agreed that it would not enter into subsequent agreements to sell its receivables, and that doing so would constitute a default under the RPA. (RPA §§ 2.10 & 3.1.)

13. In the event of default, Fundkite became entitled under the RPA to demand the immediate collection of "the full uncollected Purchased Amount of Receipts plus all fees and charges (including legal fees) due under this Agreement". (RPA § 3.2.)

14. In addition, Defendants Showroom and Colombo agreed in written and signed guarantees to guarantee the Merchant's performance under the RPA, including to pay any and all amounts owed to Fundkite resulting from the Merchant's breach of its RPA obligations. (RPA at pp. 13-16.)

15. Fundkite performed its obligations under the RPA by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant on August 30, 2019.

**II.    The Merchant's Breach of the Revenue Purchase Agreement.**

16. On or about December 12, 2019, the Merchant blocked Fundkite's access to the Account and thereby prevented Fundkite from making the agreed upon ACH withdrawals of the Merchant's receivables from the Merchant's Account.

3

17. This act of blocking Fundkite's access to the Merchant's Account constitutes a default under the RPA, including the obligations set for at page 5 and § 3.1 of the RPA.

18. In addition, the Merchant also entered into subsequent agreements to sell its revenues, which are breaches of §§ 2.10 & 3.1 of the RPA.

19. As of the date of the Merchant's default, the Merchant made payments of its receivables to Fundkite that totaled only $119,630.77, leaving a balance of $96,369.23 due under the RPA.

20. In addition, Fundkite is owed from the Merchant the sum of $64,800.00, which represents the Default Fee, calculated at 30% of the total amount of purchased receipts ($216,000.00). (RPA at Appendix A, Item F (p. 12).)

**III.   Breach of Guarantees By Defendants Showroom and Colombo.**

21. Upon the Merchant's breaches of the RPA as set forth above, Defendants Showroom and Colombo were obligated under their guarantees of performance in the RPA to pay to Fundkite the amounts owed by the Merchant for the Merchant's breaches of the RPA.

22. Defendants Showroom and Colombo have failed to make any payments to satisfy the amounts owed by the Merchants resulting from the Merchant's breaches of the RPA.

23. As of result of the Merchant's default and the guarantor Defendants' obligations under the RPA, Defendants Showroom and Colombo owe Fundkite the sum of $96,369.23, in unpaid sums due under the RPA, and an additional $64,800.00, representing the Default Fee calculated at 30% of the total amount of purchased receivables.

**AS AND FOR THE FIRST CAUSE OF ACTION**
(**Breach of Revenue Purchase Agreement Against the Merchant**)

24. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

25. On or about August 28, 2019, Fundkite and the Merchant Defendant entered into a RPA whereby Fundkite agreed to purchase rights to the Merchant's future receivables.

26. Fundkite performed its obligations under the RPA by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant as set forth in the RPA.

27. On or about December 12, 2019, the Merchant blocked Fundkite's access to the Account and thereby prevented Fundkite from making the agreed upon ACH withdrawals of the Merchant's receivables from the Merchant's Account.

28. This act of blocking Fundkite's access to the Merchant's Account constitutes a breach of, and default under, the RPA.

29. In addition, the Merchant also entered into subsequent agreements to sell its revenues, which are breaches of §§ 2.10 & 3.1 of the RPA.

30. The Merchant made payments of its receipts to Plaintiff that totaled only $119,630.77, leaving a balance of $ 96,369.23 due under the RPA.

31. By reason of the foregoing, Plaintiff has suffered damages in the amount of $96,369.23, in unpaid sums due under the RPA, and an additional $64,800.00, representing the Default Fee calculated at 30% of the total amount of Purchased Receipts, plus costs, disbursements and attorney's fees.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
**(Breach of Guarantee against the Guarantor Defendants)**

32. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

33. Defendants Showroom and Colombo each guaranteed the Merchant's performance under the RPA, including guaranteeing, individually, jointly, and severally

payments to Fundkite for any loss suffered by Fundkite as a result of a breach by the Merchant of the RPA.

34. The Merchant has breached the RPA and caused Fundkite harm resulting from those breaches as set forth above.

35. Under their guarantees in the RPA, Defendants Showroom and Colombo are liable for damages resulting from the breaches committed by the Merchant.

36. Defendants Showroom and Colombo have not made any payments to Fundkite under their guarantees in the RPA.

37. Fundkite performed its obligations under the RPA by remitting the full purchase price of the future receivables (minus certain agreed-upon underwriting and initial fees) to the Merchant as set forth in the RPA.

38. By reason of the foregoing, Fundkite is entitled to judgement against Defendants Showroom and Colombo based on their breach of the guarantee in the amount of $96,369.23, in unpaid sums due under the RPA, and an additional $64,800.00, representing the Default Fee calculated at 30% of the total amount of Purchased Receipts, plus costs, disbursements and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment against All Defendants)**

39. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

40. Fundkite paid the Merchant $150,000.00 representing the agreed-upon present day value of $216,00.00 worth of the Merchant's future receivables.

41. In exchange, the Merchant agreed to allow Fundkite to make daily ACH withdrawals of the Merchant's receivables from the Merchant's Account until the purchased

6

receivables amount was fully paid to Fundkite.

42. The Merchant made payments of its receipts to Fundkite that totaled only $119,630.77, leaving a balance of $ 96,369.23due under the RPA.

43. It is against equity and good conscience to permit Defendants to retain what is sought to be recovered.

44. Defendants Showroom and Colombo were obligated under their guarantees of performance in the RPA to pay to Fundkite any amounts owed by the Merchant resulting from the Merchant's breaches of the RPA and are thus liable under this claim.

45. By reason of the foregoing, Fundkite is entitled to judgement against all Defendants in the amount of $96,369.23, in unpaid sums due under the RPA, plus costs, disbursements and attorney's fees.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Money Had and Received Against All Defendants)**

46. Fundkite repeats and realleges the allegations contained in each of the preceding paragraphs of this complaint as if fully set forth herein.

47. The elements of a cause of action to recover for "money had and received" are: (1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *See Middle E. Banking Co. v. State St. Bank Int'l*, 821 F.2d 897, 906 (2d Cir. 1987).

48. Fundkite paid the Merchant $150,000.00 representing the agreed-upon present day value of $216,00.00 worth of the Merchant's future receivables.

49. In exchange, the Merchant agreed to allow Fundkite to make daily ACH withdrawals of the Merchant's receivables from the Merchant's Account until the purchased

7

receivables amount was fully paid to Fundkite.

50. The Merchant has benefitted from the receipt of the money paid by Fundkite.

51. The Merchant has paid only some of the sums owed to Fundkite under the RPA and thus, under principles of equity and good conscience, the Merchant should not be permitted to keep the remainder of the money paid by Fundkite.

52. Defendants Showroom and Colombo were obligated under their guarantees of performance in the RPA to pay to Fundkite any amounts owed by the Merchant resulting from the Merchant's breaches of the RPA and are thus liable under this claim.

53. By reason of the foregoing, Fundkite is entitled to judgement against all Defendants in the amount of $96,369.23, in unpaid sums due under the RPA, plus costs, disbursements and attorney's fees.

**WHEREFORE**, Plaintiff requests judgement against Defendants as follows:

(i) On the first cause of action of the complaint, Plaintiff requests judgement against the Merchant in the amount of $161,169.23, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(ii) On the second cause of action of the complaint, Plaintiff requests judgement against Defendant Robert Alan Colombo, Sr. in the amount of $161,169.23, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(iii) On the third cause of action of the complaint, Plaintiff requests judgement against all Defendants in the amount of $96,369.23, plus interest at the statutory rate, costs, disbursements and attorney's fees;

(iv) On the third cause of action of the complaint, Plaintiff requests judgement against all Defendants in the amount of $96,369.23, plus interest at the statutory rate, costs,

8

disbursements and attorney's fees; and

    (iv)    Such other and further relief as this Court deems just and proper.

Dated:    Brooklyn, New York         Respectfully submitted,
            December 13, 2019

                                                    */s/ Oleg A. Mestechkin*
                                                    Oleg A. Mestechkin, Esq. (OM4108)
                                                    Wing K. Chiu, Esq. (WC5637)
                                                    Nancy Lam, Esq. (NL4630)
                                                    **MESTECHKIN LAW GROUP P.C.**
                                                    1733 Sheepshead Bay Road, Suite 29
                                                    Brooklyn, NY 11235
                                                    Tel. (212) 256-1113
                                                    Fax. (646) 365-2069
                                                    om@lawmlg.com
                                                    wkc@lawmlg.com
                                                    nl@lawmlg.com

                                                    *Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite*

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2020 I served the foregoing document via electronic filing with the Clerk of the Court using the CM/ECF filing system.

>*/s/ Nancy Lam*
> Oleg A. Mestechkin (OM4108)
> Wing K. Chiu, Esq. (WC5637)
> Nancy Lam (NL4630)
> **MESTECHKIN LAW GROUP P.C.**
> 1733 Sheepshead Bay Road, Suite 29
> Brooklyn, NY 11235
> Tel. (212) 256-1113
> Fax. (646) 365-2069
> om@lawmlg.com
> wkc@lawmlg.com
> nl@lawmlg.com
>
> *Attorneys for Plaintiff AKF, Inc. d/b/a Fundkite*