# EXHIBIT C

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

 **FUNDKITE**          <u>FUNDING PRE-QUALIFICATION</u>

# Congratulations, you've been
# pre-qualified for Business Funding!

Dear CREATIVE FIBERGLASS, LLC,

To finalize your business funding we'll just need a few simple things (which we've listed below). Make sure to review all your documents carefully – if you find any errors please contact your account specialist.
We're happy that you chose FundKite to help grow your business.

## PRE-QUALIFIED FUNDING

## AMOUNT: $150,000.00

Your Account Specialist is: **Beverly Cash Group Corp.**
Phone: **1-786-870-4057**
Email: **info@thebeverlycashgroup.com**

This pre-qualification is based on a preliminary review and is not a guaranty of funding or a commitment to fund. Complete contracts and documentation described herein must be provided for underwriting review before a funding decision can be made. Any misrepresentation in the funding application or adverse change in the applicant's financial position may void this pre-qualification letter. Pre-qualification is subject to change or cancellation if requested funding no longer meets applicable requirements.

We must receive your signed contract, plus all requested Closing Documents within 7 days of the date of the Revenue Purchase Agreement AUGUST 28, 2019, or we will consider your application to be withdrawn.

### NOW FINALIZE & RECEIVE YOUR FUNDING

- Step 1 Review Your Funding Details
- Step 2 Initial and Sign Where Requried
- Step 3 Submit Your Documents

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 78010312  V443319

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# Step 1 Review Your Funding Details.

Please take your time to go over your funding details and complete your documents.

## YOUR FUNDING DETAILS



ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 76053373 V8Z269

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# Step 2 Sign Your Agreements

**Owners must Initial all the pages where required and sign the following:**

- Revenue Purchase Agreement
- Fee Schedule
- Guaranty
- Confession of Judgement (must be notarized)
- Bank Verification
- ACH Authorization Agreement
- Merchant Verification Form



**Attach Additional Documents as listed below.**

- Proof of Ownership and EIN
- Drivers License (for each owner, Must Be Color Copy)
- Additional documents may be required during final underwriting process.



ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR
INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract# 78050312-V043305

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# REVENUE PURCHASE AGREEMENT

Agreement dated AUGUST 28, 2019, Between AKF Inc, DBA FundKite, located at 88 Pine Street, 17th Floor, New York NY 10005 hereafter known as (FUNDER) and the Merchant listed below

## ("THE MERCHANT")
## MERCHANT INFORMATION

| | |
|---|---|
| Merchant's Legal Name: | **CREATIVE FIBERGLASS, LLC** |
| DBA: | |
| Physical Address: | **1250 ATHERTON PARK, ROSWELL, Georgia 30076** |
| Mailing Address: | **1250 ATHERTON PARK, ROSWELL, Georgia 30076** |
| Primary Telephone: | **1-404-317-4572** |
| Business Website: | |
| Type of entity: | **Limited Liability Company** |
| State of Incorporation: | **Georgia** |
| Tax Id Number: | ████7387 |
| Date Business Started: | **11/06/2008** |
| Name of Primary Authorized Signer: | **ROBERT ALAN COLOMBO SR** |
| Position or Title: | **MEMBER** |
| Email for Signor: | **rcolombo@bellsouth.net** |

**Purchase Price:**
(The dollar amount Funder is paying for the Purchased Amount of Receipts.)    $150,000.00



**Purchased Amount:**
(The dollar value of the Receipts being sold.)    $216,000.00

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract # 70053373  5943519

Owner 1 Initials [RAC]  Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

## PURCHASE AND SALE OF FUTURE RECEIPTS

Merchant: **CREATIVE FIBERGLASS, LLC**

Agreed to by: Signature _____, it's **MEMBER (Title)**

**Agreement of Each Owner:** Each Owner signing below agrees to the terms of the credit report authorization above.

Print Name: **ROBERT ALAN COLOMBO SR**   Signature _____

Print Name: _   Signature _____

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Owner 1 Initials _____ Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

## I. TERMS OF ENROLLMENT IN PROGRAM



ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 70952372 V442519

Owner 1 Initials _RACS_   Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1



## II. REPRESENTATIONS, WARRANTIES, AND COVENANTS

Merchant represents warrants and covenants that as of this date and, unless expressly stated otherwise, during the course of this Agreement:

    2.1 **Financial Condition and Financial Information.**  Merchant's bank and financial statements, copies of  which have been

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 78655372 50435169

Owner 1 Initials _____   Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

furnished to FUNDER, and future statements which will be furnished hereafter at the discretion of FUNDER, fairly represent the financial condition of Merchant at such dates, and since those dates there has been no material adverse changes, financial or otherwise, in such condition, operation or ownership of Merchant. Merchant has a continuing, affirmative obligation to advise FUNDER of any material adverse change in its financial condition, operation or ownership. FUNDER may request bank statements and/or records of Receipts at any time during the performance of this Agreement and the Merchant shall provide them to FUNDER within 5 business days. Merchant's failure to do so is a material breach of this Agreement.

2.2 **Government Approvals.** Merchant is in compliance and shall comply with all laws and has valid permits, authorizations and licenses to own operate and lease its properties and to conduct the business in which it is presently engaged.

2.3 **Authorization.** Merchant, and the persons(s) signing this Agreement on behalf of Merchant, have full power and authority to incur and perform the obligations under this Agreement, all of which have been duly authorized.

2.4 **Insurance.** Merchant will maintain business-interruption insurance against risks as are satisfactory to FUNDER and shall provide FUNDER proof of such insurance upon request.

2.5 **Electronic Check Processing Agreement.** Merchant will not change its processor and terminals, change its financial institution or bank account(s) or take any other action that could have any adverse effect upon Merchant's obligations under this Agreement without FUNDER's prior written consent. Any such change shall be a material breach of this Agreement.

2.6 **Change of Name or Location.** Merchant will not conduct Merchant's business, or any similar business, under any name other than as disclosed to the Processor and FUNDER or change any of its places of business.

2.7 **Daily Batch Out.** Merchant will batch out receipts with the Processor on a daily basis.

2.8 **Estoppel Certificate.** Merchant will at any time, and from time to time, upon at least one (1) day's prior notice from FUNDER to Merchant execute, acknowledge and deliver to FUNDER and/or to any other person, firm or corporation specified to FUNDER a statement certifying that this Agreement is unmodified and in full force and effect (or, if there have been modifications, the same is in full force and effect as modified and stating the modifications) and stating the dates on which the Purchased Amount or any portion thereof has been delivered.

2.9 **No Bankruptcy.** As of the date of this Agreement, Merchant does not contemplate and has not filed any petition for bankruptcy protection and there has been no involuntary petition brought or pending against Merchant. Merchant further warrants that it does not anticipate filing any such bankruptcy petition and it does not anticipate that an involuntary petition will be filed against it.

2.10 **Working Capital Funding.** Merchant shall not enter into any arrangement, agreement or commitment that relates to or involves the Receipts, whether in the form of a purchase of, a loan against, collateral against or the sale or purchase of Receipts or future revenue with any party other than FUNDER.

2.11 **Unencumbered Receipts.** Merchant has good, complete and marketable title to all Receipts free and clear of any and all liabilities, liens, claims, changes, restriction, conditions, options, rights, mortgages, security, interests, equities, pledges and encumbrances of any kind or nature whatsoever or any other rights or interests that may be inconsistent with the transactions contemplated with, or adverse to the interests of FUNDER.

2.12 **Business Purposes.** Merchant is a valid business in good standing under the laws of the jurisdictions in which it is organized and/or operates, and Merchant is entering into this Agreement for business purposes and not for consumer, personal, family or household purposes.

2.13 **Defaults Under Other Contracts.** Merchant's execution of and/or performance under this Agreement will not cause or create an event of default by Merchant under any contract with another person or entity.

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR
INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 70055372 1/8425r9                                                                 Owner 1 Initials RACS Owner 2 Initials

## III. EVENTS OF DEFAULT AND REMEDIES

3.1 **Events of Default.** The occurrence of any of the following events shall constitute an "Event of Default" hereunder:  (a) Merchant violates any term or covenant in this Agreement; (b) Any representation or warranty by Merchant in this Agreement shall prove to have been incorrect, false or misleading in any material respect when made; (c) the sending of notice of termination by  Merchant or Guarantor, or Merchant or Guarantor verbally notifies FUNDER of its intent to breach the Agreement; (d) Merchant shall transfer or sell all or substantially all of its assets; (e) Merchant shall make or send notice of any intended bulk sale or transfer by Merchant; (f) Merchant shall use multiple depository accounts without prior written consent of FUNDER; (g) Merchant shall change its depositing account or payment card processor without prior written consent of FUNDER; (h) Merchant shall default under any of the terms, covenants and conditions of any other agreement with FUNDER, (i)  Merchant fails to provide timely notice to FUNDER that funds in the Account are insufficient to pay the Alternative Daily Amount, such that in any given calendar month there are four or more ACH transactions attempted by FUNDER that are rejected by Merchant's bank, or (j) FUNDER is unable, at any time, to successfully debit the Account due to any "block" placed on FUNDER's debits by or at the behest of Merchant.

3.2 **Remedies**. If any Event of Default occurs and is not waived pursuant to Section 4.4 hereof, the full uncollected Purchased Amount of Receipts plus all fees and charges (including legal fees) due under this Agreement will become due and payable in full immediately.  FUNDER may proceed to protect   and enforce its rights or remedies by suit in equity or by action at law or both, whether for the specific performance of any event, agreement or other provision contained herein, or to enforce the discharge of Merchant's obligations hereunder  or any other legal or equitable right or remedy. All rights, powers and remedies of FUNDER in connection with this Agreement may be exercised at any time by FUNDER after the occurrence of an Event of Default, are cumulative and not exclusive, and shall be in addition to any other rights, powers or remedies provided by law or equity. This Agreement shall be deemed an assignment of Merchant's lease of Merchant's business premises to FUNDER. Upon an Event of Default, FUNDER may exercise its rights under this Assignment of Lease without prior notice to Merchant.

3.3 **Costs**. Merchant shall pay to FUNDER all reasonable costs associated with (a) any Event of Default, and (b) the enforcement  of FUNDER's  remedies, including but not limited to court costs and attorneys' fees.

3.4 **Required Notifications,** Merchant is required to give FUNDER written notice within 24 hours of any bankruptcy filing. Merchant is required to give FUNDER seven days' written notice prior to the closing of any sale of all or substantially all of the Merchant's assets or stock.

3.5 **Acknowledgment of Security Interest and Security Agreement.**  The Receipts sold by Merchant to FUNDER pursuant to this Agreement are "accounts" or "payment intangibles" as those terms are defined in the Uniform Commercial Code as in effect in the state in which the Merchant is located (the "UCC") and such sale shall constitute and shall be construed and treated for all purposes as a true and complete sale, conveying good title to the Receipts free and clear of any liens and encumbrances, from Merchant to FUNDER.  The sale of the Receipts creates a security interest as defined in the UCC and this Agreement constitutes a "security agreement" under the UCC.  FUNDER has all the rights of a secured party under the UCC with respect to such Receipts.  Merchant further agrees that, with or without an Event of Default, FUNDER may notify account debtors, or other persons obligated on the Receipts, of Merchant's sale of the Receipts and may instruct them to make payment or otherwise render performance to or for the benefit of FUNDER.

3.6 **Financing Statements,**  Merchant authorizes Funder to file one or more UCC-1 forms consistent with the UCC to give notice that the Purchased Amount of Receipts is the sole property of FUNDER.  The UCC filing may state that such sale is intended to be a sale and not an assignment for security and may state that the Merchant is prohibited from obtaining any financing that impairs the value of the Receipts or FUNDER's right to collect same.  Merchant authorizes FUNDER to debit Merchant's bank Account for all costs incurred by FUNDER associated with the filing, amendment or termination of any UCC filings.

## IV. MISCELLANEOUS.

4.1 **Modifications**.  No modification, amendment, waiver or consent of any provision of this Agreement shall be effective unless the same shall be in writing and signed by FUNDER.

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Owner 1 Initials _____   Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

4.3 **Notices**.  All notices, requests, consent, demands and other communications hereunder shall be delivered by certified mail; return receipt requested to the respective parties to this Agreement at the addresses set forth in this Agreement and shall become effective only upon receipt.

4.4 **Waiver of Remedies**.  No failure on the part of FUNDER to exercise and no delay in exercising any right under this Agreement shall operate as a waiver thereof, nor shall any single or partial exercise of any right under this Agreement precludes any other or further exercise thereof or the exercise of any other right.  The remedies provided hereunder are cumulative and not exclusive to any remedies providing by law equity.

4.5 **Binding Effect; Governing Law, Venue and Jurisdiction.**  This Agreement shall be binding upon and inure to the benefit of Merchant, FUNDER and their respective successors and assigns, except that Merchant shall not have the right to assign its rights hereunder or any interest herein without the prior written consent of FUNDER which consent may be withheld in FUNDER's sole discretion. FUNDER reserves the right to assign this Agreement with or without prior written notice to Merchant. This Agreement shall be governed by or constructed in accordance with the laws of the state of New York, without regard to any applicable principles of conflicts of law.  Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach hereof, shall if FUNDER so elects, be instituted in any court sitting in New York State, (the "Acceptable Forums"). Merchant agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any  and all objections to jurisdiction or venue.  Should such proceeding be initiated in any other forum, Merchant waives any right to oppose any motion or application made by FUNDER to transfer and/or dismiss such proceeding.

4.6 **Survival of Representation, etc.**  All representations, warranties and covenants herein shall survive the full execution and delivery of this Agreement and shall continue in full force until all obligations under this Agreement shall have been satisfied in full.

4.7 **Severability.**  In case any of the provisions in this Agreement is found to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of any other provision contained herein shall not in any way be affected or impaired.

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR
INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 78032373  V442519

Owner 1 Initials          Owner 2 Initials

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

4.8 **Entire Agreement.** Any provision hereof prohibited by law shall be ineffective only to the extent of such prohibition without invalidating the remaining provisions hereof this Agreement and this Agreement and any Guaranty embody the entire agreement between Merchant and FUNDER and supersede all prior agreements and understanding relation to the subject matter hereof.

4.9 **JURY TRIAL WAIVER.  THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT THEREOF.  THE PARTIES HERE TO ACKNOWLEDGE THAT EACH PARTY AGREES TO THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH     THEIR ATTORNEYS.**

4.10 **CLASS ACTION WAIVER.  THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY.  TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT:  (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.**

4.11 **ARBITRATION.  IF FUNDER, MERCHANT OR ANY GUARANTOR REQUESTS, THE OTHER PARTIES AGREE TO ARBITRATE ALL DISPUTES AND CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT. IF FUNDER, MERCHANT OR ANY GUARANTOR SEEKS TO HAVE A DISPUTE SETTLED BY ARBITRATION, THAT PARTY MUST FIRST SEND TO ALL OTHER PARTIES, BY CERTIFIED MAIL, A WRITTEN NOTICE OF INTENT TO ARBITRATE. IF FUNDER, MERCHANT OR ANY GUARANTOR DOES NOT REACH AN AGREEMENT TO RESOLVE THE CLAIM WITHIN 30 DAYS AFTER THE NOTICE IS RECEIVED, FUNDER, MERCHANT OR ANY GUARANTOR MAY COMMENCE AN ARBITRATION PROCEEDING WITH THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR NATIONAL ARBITRATION FORUM ("NAF"). FUNDER WILL PROMPTLY REIMBURSE MERCHANT OR THE GUARANTOR ANY ARBITRATION FILING FEE, HOWEVER, IN THE EVENT THAT BOTH MERCHANT AND THE GUARANTOR MUST PAY FILING FEES, FUNDER WILL ONLY REIMBURSE MERCHANT'S ARBITRATION FILING FEE AND, EXCEPT AS PROVIDED IN THE NEXT SENTENCE, FUNDER WILL PAY ALL ADMINISTRATION AND ARBITRATOR FEES.  IF THE ARBITRATOR FINDS THAT EITHER THE SUBSTANCE OF THE CLAIM RAISED BY MERCHANT OR THE GUARANTOR OR THE RELIEF SOUGHT BY MERCHANT OR THE GUARANTOR IS IMPROPER OR NOT WARRANTED, AS MEASURED BY THE STANDARDS SET FORTH IN FEDERAL RULE OF PROCEDURE 11(B), THEN FUNDER WILL PAY THESE FEES ONLY IF REQUIRED BY THE AAA OR NAF RULES. MERCHANT AND THE GUARANTOR AGREE THAT, BY ENTERING INTO THIS AGREEMENT, THEY ARE WAIVING THE RIGHT TO TRIAL BY JURY.  FUNDER, MERCHANT OR ANY GUARANTOR MAY BRING CLAIMS AGAINST ANY OTHER PARTY ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. FURTHER, FUNDER, MERCHANT AND ANY GUARANTOR AGREE THAT THE ARBITRATOR MAY NOT CONSOLIDATE PROCEEDINGS FOR MORE THAN ONE PERSON'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A REPRESENTATIVE OR CLASS PROCEEDING, AND THAT IF THIS SPECIFIC PROVISION IS FOUND UNENFORCEABLE, THEN THE ENTIRETY OF THIS ARBITRATION CLAUSE SHALL BE NULL AND VOID.**

4.12 **RIGHT TO OPT OUT OF ARBITRATION.  MERCHANT AND GUARANTOR(S) MAY OPT OUT OF THIS CLAUSE. TO OPT OUT OF THIS ARBITRATION CLAUSE, MERCHANT AND EACH GUARANTOR MUST SEND FUNDER A NOTICE THAT THE MERCHANT AND EACH GUARANTOR DOES NOT WANT THIS CLAUSE TO APPLY TO THIS AGREEMENT. FOR ANY OPT OUT TO BE EFFECTIVE, MERCHANT AND EACH GUARANTOR MUST SEND AN OPT OUT NOTICE TO THE FOLLOWING ADDRESS BY REGISTERED MAIL, WITHIN 14 DAYS AFTER THE DATE OF THIS AGREEMENT:  ARBITRATION OPT OUT, FundKite, 88 Pine St, 17th Floor New York NY 10005.**

4.13 **Facsimile Acceptance.  Facsimile signatures shall be deemed acceptable for all purposes.**

4.14 **Electronic Signatures.  Electronic (digital) signatures shall be deemed acceptable for all purposes.**

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Owner 1 Initials _____   Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

## APPENDIX A: THE FEE STRUCTURE



F. **Default Fee** - In case of default merchant would be responsible for the attorney fees in the amount of 30% of the total amount of Purchased Receipts.  The Default Fee is due when an Event of Default occurs.

H. **Additional Copies Fee** - $10.00.  Merchant shall pay the Additional Copy Fee for each copy of prior monthly statements.

**Agreement of Merchant**

Merchant: **CREATIVE FIBERGLASS, LLC**

Agreed to by: Signature _____, It's MEMBER   (Title)

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 78055357  V043518

Owner 1 Initials ____  Owner 2 Initials ____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# GUARANTY

**Merchant's Legal Name: CREATIVE FIBERGLASS, LLC**

D/B/A:

Physical Address: **1250 ATHERTON PARK, ROSWELL, Georgia 30076**

Mailing Address:  **1250 ATHERTON PARK, ROSWELL, Georgia 30076**

Federal Tax ID# ▮▮▮▮▮**7387**

**Personal Guaranty of Performance.** The undersigned Guarantor hereby guarantees to FUNDER, Merchant's performance of all    of the representations,  warranties, covenants made by Merchant in this Revenue Purchase Agreement (the "Agreement"), as this Agreement may be renewed, amended, extended, or otherwise modified (the "Guaranteed Obligations").  Guarantor's obligations    are due at the time of any breach by Merchant of any representation, warranty, or covenant made by Merchant in the Agreement.

**Guarantor Waivers.**  In the event that the Merchant defaults, or fails to perform any obligations when due under the Agreement, FUNDER may enforce its rights under this Guaranty without first seeking to obtain payment or performance from Merchant, any other guarantor or any other guaranty.  FUNDER does not have to notify Guarantor of any of the following events and Guarantor will not be released from its obligations under this Guaranty if it is not notified of:  (i) Merchant's defaults, or failure to perform any obligations under the Agreement; (ii) FUNDER 's acceptance of the Agreement or this Guaranty; and (iii) any renewal, extension or other modification of the Agreement or Merchant's other obligations to FUNDER.  In addition, FUNDER may take any of the following actions without releasing Guarantor from any of its obligations under this Guaranty:  (i) renew, extend or otherwise modify the Agreement or Merchant's other obligations to FUNDER; (ii) release Merchant from its obligations to FUNDER; (iii) sell, release, impair, waive or otherwise fail to realize upon any collateral securing the Guaranteed Obligations or any other guarantee of the Guaranteed Obligations; and (iv) foreclose on any collateral securing the Guaranteed Obligations or any other guarantee of Guaranteed Obligations in a manner that impairs or precludes the right of Guarantor to obtain reimbursement for payment under this Guaranty. Until Merchant's obligations to FUNDER under the Agreement are satisfied in full, Guarantor shall not seek reimbursement from Merchant or any other Guarantor for any amounts paid by it under this Guaranty. Guarantor permanently waives and shall not seek to exercise any of the following rights that it may have against the Merchant, any other guarantor, or any collateral provided by Merchant or any other guarantor, for any amounts paid by it, or acts performed by it, under this agreement:  (i) subrogation; (ii)reimbursement; (iii)performance; (iv) indemnification; or (v) contribution.  In the event that FUNDER must return any amount paid by Merchant or any other guarantor of the Guaranteed Obligations because that person has become subject to a proceeding under the United States Bankruptcy Code or any similar law, Guarantor's obligations under this agreement shall include the amount.

**Acknowledgment of Purchase:** Guarantor acknowledges and agrees that the Purchase Price paid by FUNDER to Merchant in exchange for the Purchased Amount of Receipts is a purchase of the Purchased Amount of Receipts and is not intended to be treated as a loan or financial accommodation from FUNDER to Merchant.  Guarantor specifically acknowledges FUNDER is not a lender, bank or credit card processor, and that FUNDER has not offered any loans to Merchant, and Guarantor waives any claims or defenses of usury in any action arising out of this Guaranty. Guarantor acknowledges the Receipts Purchase Price paid to Merchant is good and valuable consideration for the sale of the Purchased Amount of Receipts.

**Security Interest.**  If any Guarantor is an affiliated business entity (an "Affiliate Business Guarantor") to secure such Affiliated Business Guarantor's obligations under this Guaranty,  each Affiliate Business Guarantor hereby grants to FUNDER a security interest in (a) all accounts, chattel paper, documents, equipment, general intangibles, instruments, and inventory, as those terms are defined in Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by the Affiliate Business Guarantor; and (b) all proceeds, as that term is defined in  Article 9 of the UCC (a and b collectively, the "Collateral").  Further, Merchant hereby grants to FUNDER a security interest as defined by the UCC to secure this obligation and any and all subsequent Agreements entered into between Merchant and FUNDER.

JURY TRIAL WAIVER.  THE PARTIES HERETO WAIVE TRIAL BY JURY IN ANY COURT IN ANY SUIT, ACTION OR PROCEEDING ON ANY MATTER ARISING IN CONNECTION WITH OR IN ANY WAY RELATED TO THE TRANSACTIONS OF WHICH THIS AGREEMENT IS A PART OR THE ENFORCEMENT THEREOF.  THE PARTIES HERE TO ACKNOWLEDGE THAT EACH PARTY AGREES TO THIS WAIVER KNOWINGLY, WILLINGLY AND VOLUNTARILY AND WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF THIS WAIVER WITH THEIR ATTORNEYS.

CLASS ACTION WAIVER.  THE PARTIES HERETO WAIVE ANY RIGHT TO ASSERT ANY CLAIMS AGAINST THE OTHER PARTY AS A REPRESENTATIVE OR MEMBER IN ANY CLASS OR REPRESENTATIVE ACTION, EXCEPT WHERE SUCH WAIVER IS PROHIBITED BY LAW AGAINST PUBLIC POLICY. TO THE EXTENT EITHER PARTY IS PERMITTED BY LAW OR COURT OF LAW TO PROCEED WITH A CLASS OR REPRESENTATIVE ACTION AGAINST THE OTHER, THE PARTIES HEREBY AGREE THAT:  (1) THE PREVAILING PARTY SHALL NOT BE ENTITLED TO RECOVER ATTORNEYS' FEES OR COSTS ASSOCIATED WITH PURSUING THE CLASS OR REPRESENTATIVE ACTION (NOT WITHSTANDING ANY OTHER PROVISION IN THIS AGREEMENT); AND (2) THE PARTY WHO INITIATES OR PARTICIPATES AS A MEMBER OF THE CLASS WILL NOT SUBMIT A CLAIM OR OTHERWISE PARTICIPATE IN ANY RECOVERY SECURED THROUGH THE CLASS OR REPRESENTATIVE ACTION.

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 76655372 V6455xx

Owner 1 Initials _____   Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

ARBITRATION. IF FUNDER, MERCHANT OR ANY GUARANTOR REQUESTS, THE OTHER PARTIES AGREE TO ARBITRATE ALL DISPUTES AND CLAIMS ARISING OUT OF OR RELATING TO THIS AGREEMENT. IF FUNDER, MERCHANT OR ANY GUARANTOR SEEKS TO HAVE A DISPUTE SETTLED BY ARBITRATION, THAT PARTY MUST FIRST SEND TO ALL OTHER PARTIES, BY CERTIFIED MAIL, A WRITTEN NOTICE OF INTENT TO ARBITRATE. IF FUNDER, MERCHANT OR ANY GUARANTOR DO NOT REACH AN AGREEMENT TO RESOLVE THE CLAIM WITHIN 30 DAYS AFTER THE NOTICE IS RECEIVED, FUNDER, MERCHANT OR ANY GUARANTOR MAY COMMENCE AN ARBITRATION PROCEEDING WITH THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR NATIONAL ARBITRATION FORUM ("NAF"). FUNDER WILL PROMPTLY REIMBURSE MERCHANT OR THE GUARANTOR ANY ARBITRATION FILING FEE, HOWEVER, IN THE EVENT THAT BOTH MERCHANT AND THE GUARANTOR MUST PAY FILING FEES, FUNDER WILL ONLY REIMBURSE MERCHANT'S ARBITRATION FILING FEE AND, EXCEPT AS PROVIDED IN THE NEXT SENTENCE, FUNDER WILL PAY ALL ADMINISTRATION AND ARBITRATOR FEES. IF THE ARBITRATOR FINDS THAT EITHER THE SUBSTANCE OF THE CLAIM RAISED BY MERCHANT OR THE GUARANTOR OR THE RELIEF SOUGHT BY MERCHANT OR THE GUARANTOR IS IMPROPER OR NOT WARRANTED, AS MEASURED BY THE STANDARDS SET FORTH IN FEDERAL RULE OF PROCEDURE 11(B), THEN FUNDER WILL PAY THESE FEES ONLY IF REQUIRED BY THE AAA OR NAF RULES. MERCHANT AND THE GUARANTOR AGREE THAT, BY ENTERING INTO THIS AGREEMENT, THEY ARE WAIVING THE RIGHT TO TRIAL BY JURY. FUNDER, MERCHANT OR ANY GUARANTOR MAY BRING CLAIMS AGAINST ANY OTHER PARTY ONLY IN THEIR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. FURTHER, FUNDER, MERCHANT AND ANY GUARANTOR AGREE THAT THE ARBITRATOR MAY NOT CONSOLIDATE PROCEEDINGS FOR MORE THAN ONE PERSON'S CLAIMS, AND MAY NOT OTHERWISE PRESIDE OVER ANY FORM OF A REPRESENTATIVE OR CLASS PROCEEDING, AND THAT IF THIS SPECIFIC PROVISION IS FOUND UNENFORCEABLE, THEN THE ENTIRETY OF THIS ARBITRATION CLAUSE SHALL BE NULL AND VOID.

RIGHT TO OPT OUT OF ARBITRATION. MERCHANT AND GUARANTOR(S) MAY OPT OUT OF THIS CLAUSE. TO OPT OUT OF THIS ARBITRATION CLAUSE, MERCHANT AND EACH GUARANTOR MUST SEND FUNDER A NOTICE THAT THE MERCHANT AND EACH GUARANTOR DOES NOT WANT THIS CLAUSE TO APPLY TO THIS AGREEMENT. FOR ANY OPT OUT TO BE EFFECTIVE, MERCHANT AND EACH GUARANTOR MUST SEND AN OPT OUT NOTICE TO THE FOLLOWING ADDRESS BY REGISTERED MAIL, WITHIN 14 DAYS AFTER THE DATE OF THIS AGREEMENT: ARBITRATION OPT OUT, FundKite, 88 Pine Street, 17th Floor Street New York NY 10005.

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 7b652572 Vid2369

Owner 1 Initials                Owner 2 Initials

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

**Guarantor Acknowledgement.  Guarantor acknowledges that:  (i) He/She understands the seriousness of provisions of this Agreement; (ii) He/She has had a full opportunity to consult with counsel of his/her choice; and (iii) He/She has consulted with counsel of its choice or has decided not to avail himself/herself of that opportunity.**

Joint and Several liability.  The obligations hereunder of the persons or entities constituting Guarantor under this Agreement are joint and several.

**THE TERMS, DEFINITIONS, CONDITIONS AND INFORMATION SET FORTH IN THE "REVENUE PURCHASE AGREEMENT" ARE HEREBY INCORPORATED IN AND MADE A PART OF THIS GUARANTY.**

**For The Individual Guarantors**

Guarantor: **ROBERT ALAN COLOMBO SR**  (Print Name)

Signature _____

Social Security #: ███████9469

DRIVERS LICENSE # ██████0056

State Issued:**Georgia**

Guarantor:   **(**Print Name)

Signature _____

SS #:

DRIVERS LICENSE #:

State Issued:

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 7055332 V842519

Owner 1 Initials         Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

**For Affiliated Business Guarantors**

**Guarantor:** A SHOWROOM SHINE DETAILING SHOP LLC

**By:** Signature _____

**Print Name of Signor:** ROBERT ALAN COLOMBO SR

**Its:** MEMBER, (Official Position)

**Tax Id #:**

**Address:** 9930 JONES BRIDGE ROAD, JOHNS CREEK, GA 30022

**State of Incorporation:** _____


**Guarantor:**

**By:** Signature _____

**Print Name of Signor:** ROBERT ALAN COLOMBO SR

**Its:** MEMBER, (Official Position)

**Tax Id #:**

**Address:**

**State of Incorporation:** _____


**Guarantor:**

**By:** Signature _____

**Print Name of Signor:** ROBERT ALAN COLOMBO SR

**Its:** MEMBER, (Official Position)

**Tax Id #:**

**Address:**

**State of Incorporation:** _____


**Guarantor:**

**By:** Signature _____

**Print Name of Signor:** ROBERT ALAN COLOMBO SR

**Its:** MEMBER, (Official Position)

**Tax Id #:**

**Address:**

**State of Incorporation:** _____


**Guarantor:**

**By:** Signature _____

**Print Name of Signor:** ROBERT ALAN COLOMBO SR

**Its:** MEMBER, (Official Position)

**Tax Id #:**

**Address:**

**State of Incorporation:** _____

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Owner 1 Initials _____ Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

**View Only Access Authorization**



ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.

AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 70655372 V042519

Owner 1 Initials _____ Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# Merchant Verification Form

Merchant Name: **CREATIVE FIBERGLASS, LLC**
Address: **1250 ATHERTON PARK, ROSWELL, Georgia 30076**

| | Please check one: | |
|---|---|---|
| | Yes | No |
| Do you currently or within the last 90 days have any intentions, plans or discussions regarding closing your business? | | |
| Do you currently or within the last 90 days have any intentions, plans or discussions to change the name or legal structure of the business? | | |
| Are you currently in, or contemplating personal bankruptcy? | | |
| Are you currently in, or contemplating business bankruptcy? | | |
| Is your business currently for sale? | | |
| Do you have any existing merchant cash advance balances? | | |
| Are you involved in any litigation proceedings or are a party to a lawsuit? | | |
| Is your business currently in default of any agreement with a creditor? | | |
| Is your business currently in a forbearance agreement with a creditor? | | |
| Will selling the Receipts cause you to breach any agreement with a creditor? | | |
| Do you currently have a Senior Credit or Factoring Facility | | |

If you have answered YES to any of the above questions, please explain:

I hereby certify that the above statements are true and correct to the best of my knowledge. I authorize my landlord, trade references and credit card processor to discuss confidential account information for the purpose of satisfying the requirements of FundKite.

Completed and attested by:

Print Name: **ROBERT ALAN COLOMBO SR**

Signature: _____ Date: **AUGUST 28, 2019**

DocuSigned by:
A3F523BEF2C841E...

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF inc DBA FundKite © 2019 All Rights Reserved
Contract: # 70055372  V842508

Owner 1 Initials          Owner 2 Initials

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1



## AUTHORIZATION AGREEMENT
## FOR AUTOMATED CLEARING HOUSE TRANSACTIONS

**CREATIVE FIBERGLASS, LLC** ("Merchant") hereby authorizes AKF Inc, DBA FundKite ("FUNDER") to present automated clearing house (ACH) debits to the following checking account in the amount of fees and other payments due to Funder from Merchant under the terms of that Merchant Agreement (the "Agreement") entered into between Merchant and FUNDER, as it may be amended, supplemented or replaced from time to time.  Merchant also authorizes FUNDER to initiate additional entries (debits and credits) to correct any erroneous transfers.  In addition, if an Event of Default (as defined in the Agreement) occurs, Merchant authorizes FUNDER to debit any and all accounts controlled by Merchant or controlled by any entity with the same Federal Tax Identification Number as Merchant up to the total amount, including but not limited to, all fees and charges, due to FUNDER from Merchant under the terms of the Agreement.

Merchant agrees to be bound by the Rules and Operating Guidelines of NACHA and represents and warrants that the designated account is established and used primarily for commercial/business purposes, and not for consumer, family or household purposes.  Merchant authorizes FUNDER to contact Merchant's financial institution to obtain available funds information and/or to verify any information Merchant has provided about the designated checking account and to correct any missing, erroneous or out-of-date information.  Merchant understands and agrees that any revocation or attempted revocation of this Authorization will constitute an event of default under the Agreement.  In the event that Merchant closes the designated checking account, or the designated checking account has insufficient funds for any ACH transaction under this Authorization, Merchant authorizes FUNDER to contact Merchant's financial institution and obtain information (including account number, routing number and available balance) concerning any other deposit account(s) maintained by Merchant with Merchant's financial institution, and to initiate ACH transactions under this Authorization to such additional account(s).  To the extent necessary, Merchant grants FUNDER a limited Power of Attorney to take action in Merchant's name to facilitate this authorization.

Transfer Funds To/From:     Name of Bank: **RENASANT BANK**

ABA Transit/Routing #: ███████████

Checking Account #: ██████████

This authorization is to remain in full force and effect until all amounts due to Buyer under the Agreement have been paid in full, in such time and in such manner as to afford Buyer a reasonable opportunity to act on it.

Merchant Information:        Merchant's Name: **CREATIVE FIBERGLASS, LLC**

Signature of Authorized Representative: _DocuSigned by:_ _____

Print Name: **ROBERT ALAN COLOMBO SR**  A3F523BEF2C841E...

Title: **MEMBER**

Merchant's Tax ID: ██████'387

Date: **08-29-2019**

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 70035372 V003319

Owner 1 Initials RACS  Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1



## STACKING PROHIBITION ADDENDUM

This addendum is made as of AUGUST 28, 2019 (the "Addendum") to the Agreement for the Purchase and Sale of Future Receipts between FUNDKITE (the buyer) and CREATIVE FIBERGLASS, LLC (the seller) dated AUGUST 28, 2019 (the "Agreement")

Whereas, the Buyer desires to draw attention to Section II 2.10 of the Agreement ("Stacking Prohibited"), which strictly prohibits Seller from entering into any type of financing agreement that relates to or involves its Future Receipts with any other party other than the Buyer for the duration of the Agreement.

Seller agrees to the Stacking Prohibited provision of the Agreement, and fully understands that breach of the Stacking Prohibited provision shall constitute an Event of Default

By signing this Addendum, Seller agrees and fully understands that in the event the Seller breaches the Stacking prohibited provision, Buyer fully reserves its rights to immediately commence collections activities pursuant to the Agreement.

IN WITNESS WHEREOF, each of the undersigned has executed, or has caused to be executed, this Addendum as of the date first written above.

Seller: **CREATIVE FIBERGLASS, LLC**

Agreed to by: Signature _____ , it's **MEMBER** (Title)

Print Name: **ROBERT ALAN COLOMBO SR**

**Agreement of Each Owner:** Each Owner signing below agrees to the terms of the credit report authorization above.

Print Name: **ROBERT ALAN COLOMBO SR**          Signature _____

Print Name: _          Signature _____

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 70055372  V042519          Owner 1 Initials _____ Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

## Merchant Working Capital Application

ROBERT ALAN COLOMBO SR

Print Name

**Principal Owner #2:**

Print Name

DocuSigned by:

(Signature)
A2F5238EF2C841E...

(Signature)

8/30/2019 | 7:28:34 AM
08-29-2019

(Date)

08-29-2019

(Date)

ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR
INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Contract: # 78050372 Y042319

Owner 1 Initials [RAC] Owner 2 Initials

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# EMERGENCY CONTACT - (WHO CAN WE CALL IF WE CAN'T GET IN TOUCH WITH YOU)

These references will *NOT* be contacted for funding call, or for any reason if you do not take funding from our company.



ANY MISREPRESENTATION MADE BY MERCHANT OR OWNER IN CONNECTION WITH THIS AGREEMENT MAY CONSTITUTE A SEPARATE CAUSE OF ACTION FOR FRAUD OR INTENTIONAL MISREPRESENTATION.
AKF Inc DBA FundKite © 2019 All Rights Reserved

Owner 1 Initials _____ Owner 2 Initials _____

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF KINGS**

------------------------------------------------------------------   x Index No.

AKF Inc, DBA FundKite,                                              :

                                                                    :

                                                    Plaintiff,      :  **AFFIDAVIT OF**

                     -against-                                      :  **CONFESSION**

                                                                    :  **OF**

CREATIVE FIBERGLASS, LLC and                                        :  **JUDGMENT**

A SHOWROOM SHINE DETAILING SHOP LLC and                             :

and ROBERT ALAN COLOMBO SR,                                         :

                                                    Defendants.     :

------------------------------------------------------------------   x

**STATE OF** _____ )

                                                    ) ss:

**COUNTY OF** _____ )

ROBERT ALAN COLOMBO SR, being duly sworn upon my oath, deposes and says:

1. I am the above-captioned Defendant. I reside at 1250 ATHERTON PARK, ROSWELL, Georgia 30076 and have personal knowledge of all facts set forth herein.

2. I am the owner and principal of CREATIVE FIBERGLASS, LLC located at 1250 ATHERTON PARK, ROSWELL, Georgia 30076.

3. I am also the owner and principal of A SHOWROOM SHINE DETAILING SHOP LLC, located at 9930 JONES BRIDGE ROAD, JOHNS CREEK, GA 30022.

4. I have full authority to enter into binding agreements on behalf of CREATIVE FIBERGLASS, LLC and on behalf of A SHOWROOM SHINE DETAILING SHOP LLC.

7. I, on behalf of A SHOWROOM SHINE DETAILING SHOP LLC, agree to guarantee the payment in the event CREATIVE FIBERGLASS, LLC defaults on the Revenue Purchase Agreement dated AUGUST 28, 2019 ("Agreement"). I, also, agree to personally guarantee the payment in the event CREATIVE FIBERGLASS, LLC defaults on the Agreement.

8. I acknowledge that, by executing this Confession of Judgment, CREATIVE FIBERGLASS, LLC and I, on behalf of A SHOWROOM SHINE DETAILING SHOP LLC and personally, jointly and severally, waive any and all rights that CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC, or I may have to appear in any action and defend same, to notice of entry or intended entry of Judgment, to the domestication of such Judgment in any other jurisdiction or county.

9. I have had the opportunity to consult with an attorney regarding this Confession of Judgment and have either done so to my satisfaction or voluntarily and knowingly declined to do so.

10. This Affidavit of Confession is for a debt justly due to Plaintiff arising from Plaintiff's

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

purchase of the receivables of CREATIVE FIBERGLASS, LLC pursuant to the Agreement.

11. CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC and I hereby confess judgment and authorize entry of judgment in favor of Plaintiff and against CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC   and me in the Supreme Court of the State of New York, in a County of Plaintiff's convenience, including County of New York, County of Westchester, County of Oneida, County of Kings, County of Queens, County of Bronx, County of Ontario, County of Richmond, in the sum of $216,000.00 less any payments timely made pursuant to the Agreement, plus legal fees to Plaintiff calculated at thirty percent (30%) of the total of the aforesaid sums, costs, expenses and disbursements and interest at the rate of 16% per annum from the date of default, or the highest amount allowed by law, whichever is greater. Such amount shall be set forth in an affidavit to be executed by Plaintiff or an affirmation by Plaintiff's attorney, which shall be attached hereto at the time of entry of this Affidavit of Confession of Judgment.

12. CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC and I hereby agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Plaintiff, which reserves all of its rights and remedies against CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC and me.

13. If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, CREATIVE FIBERGLASS, LLC, A SHOWROOM SHINE DETAILING SHOP LLC and I hereby consent to the personal jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

BY _____

ROBERT ALAN COLOMBO SR, Individually, and on behalf of CREATIVE FIBERGLASS, LLC and A SHOWROOM SHINE DETAILING SHOP LLC

STATE OF _____ )

                         ) ss:

COUNTY OF _____ )

On the _____ day _____ of  2019 before me, the undersigned, personally appeared ROBERT ALAN COLOMBO SR, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual, or the person on behalf of whom the individual acted, executed the instrument.

_____
NOTARY PUBLIC

DocuSign Envelope ID: A478C213-9F30-4562-8521-8B9DDCE814E1

# MEMBER'S CERTIFICATE for LLC

I, the undersigned Managing Member(s) of **CREATIVE FIBERGLASS, LLC** a limited liability company (the "Company") organized under the laws of the state of **Georgia**, do herby certify as follows:

That I, **ROBERT ALAN COLOMBO SR** , aam duly appointed, qualified and authorized to act as the Managing Member of the Company.

1. That I, **ROBERT ALAN COLOMBO SR**, am fully authorized to bind the Company in the acquisition of any financing, loans, factoring of receivables including the approval of the amount of such financing, and the direct or indirect sale of receivables or borrowing of money by the Company, whether secured or unsecured and guaranteeing such obligation.

2. That I, **ROBERT ALAN COLOMBO SR** , AM fully authorized to sell, assign, transfer, encumber or dispose of all or any material portion of the assets or property of the Company.

3. That the following is a true, complete and accurate list of all Members of the Company, their respective Percentage Interest and their current home addresses:

      **a. ROBERT ALAN COLOMBO SR**        \_\_\_\_\_%

4. That there are no proceedings pending for the expulsion of any Members from the Company.

5. That I have fully disclosed any and all truthful information concerning the Company and all restrictions or authorization to enter into financing agreements on behalf of the Company. I/we acknowledge that any false statement would constitute a fraudulent act and could result in monetary damages or criminal charges.

WITNESS my hand under seal, as of this _____, day of _____ 2019.

_____

NAME: **ROBERT ALAN COLOMBO SR**

Sworn to before me this

\_\_\_\_\_ day of _____, 2019.

_____

NOTARY PUBLIC

ORIGIN ID:GVLA      (929) 999-5400
ROBERT ALAN COLOMBO SR
CREATIVE FIBERGLASS, LLC
1250 ATHERTON PARK

ROSWELL, GA 30076
UNITED STATES US

SHIP DATE: 28AUG19
ACTWGT:
CAD: 110495941/INET4160

BILL SENDER

TO **UNDERWRITING DEPARTMENT**

**FUNDKITE**

**88 PINE ST**

**FL 17**

**NEW YORK NY 10005**

(929) 999-5400                REF:
INV:
PO:                                    DEPT:

567 J3/E9E7/05A2



FedEx
Express

E

J1920198524201urr

THU - 29 AUG 3:00P
STANDARD OVERNIGHT

TRK#
0201    **7761 0010 9018**

**06 SXYA**

**10005**
NY-US  **EWR**



DocuSign Envelope ID: A478C213-9FD0-4502-8521-8B83DCE814E1